**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-61235-BLOOM**

FRANK PIERRE,

      Petitioner,

v.

STATE OF FLORIDA and
GENERAL ASHLEY MOODY,

      Respondents.

_____/

## **ORDER DISMISSING PETITION**

      **THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. ECF No. [11] ("Motion"). The Clerk docketed Petitioner Frank Pierre's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on June 28, 2023. ECF No. [1]. In the Petition, Petitioner challenged his state court conviction entered in the Seventeenth Judicial Circuit Court in and for Broward County, case number 93-000435-CF10A. *See id.* at 1. After reviewing the Petition, the Court, on July 26, 2023, entered a Limited Order to Show Cause, directing Respondents to address whether the Petition was timely. Two days later, on July 28, 2023, Respondents filed the instant Motion, arguing that the Court should dismiss the Petition for lack of subject-matter jurisdiction because Petitioner is no longer in custody pursuant to the conviction he challenges. *See generally* ECF No. [11]. Petitioner has not filed a memorandum in opposition to the Motion or requested additional time in which to do so. As such, the Motion is

ripe for consideration.[1] For the following reasons, Respondents' Motion is **GRANTED** and Petitioner's § 2254 Petition is **DISMISSED** for lack of subject-matter jurisdiction.

\* \* \*

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has stated that the "in custody" requirement of § 2254 means "that the habeas petitioner [must] be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (alteration added; quotation marks omitted)). "Accordingly, where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement," and the district court lacks subject matter jurisdiction. *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578-79 (11th Cir. 2007) (quoting *Maleng*, 490 U.S. at 492). Petitioner fails to make this threshold showing.

Petitioner uses his § 2254 petition to challenge his conviction in case number 93-000435-CF10A, *see* ECF No. [1] at 1, but, as Petitioner admits, he has served the sentence resulting from that conviction, and "the case is closed[,]" ECF No. [3] at 4 (alteration added). Petitioner attempts to circumvent the "in custody" requirement by arguing that he will continue to experience "residual prejudice" resulting from the purportedly unlawful conviction he challenges. *Id.* at 15. However, the mere fact that the conviction Petitioner challenges "has been used to enhance the length of a current or future sentence" does not render him "in custody" pursuant to § 2254. *Maleng*, 490 U.S.

---

[1] Under the Southern District of Florida's Local Rules, an opposing party must file a memorandum opposing a motion no later than fourteen days after service of the motion. *See* S.D Fla. L. R. 7.1(c)(1). Failure to comply with this requirement gives the Court "sufficient cause" to grant the motion by default. *Id.* Petitioner's *pro se* status does not excuse his failure to comply with this rule. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a *pro se* party must abide by "the relevant law and rules of court"). Nevertheless, the Court elects to grant the Motion on its merits.

Case No. 23-cv-61235-BLOOM

at 491. Therefore, the Court must dismiss the Petition for lack of subject-matter jurisdiction. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("[A] petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired." (alteration added)).

Accordingly, it is **ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss, **ECF No. [11]**, is **GRANTED**. The Petition is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. This case shall remain **CLOSED**. All pending motions are **DENIED as moot**. Any requests for an evidentiary hearing are **DENIED**, and all pending deadlines are **TERMINATED**.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Frank Pierre, *PRO SE*
94272-004
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, Florida 33521

---

[2] Because the Court "lack[s] subject matter jurisdiction to consider the [] petition, [the Court may] not issue a [certificate of appealability]." *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (alterations added; citation omitted).

3